# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| **MAIZE FAUST,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:11 CV 425 JM** |
| | ) | |
| **MENARD, INC.,**[1] | ) | |
| **Defendant.** | ) | |

## OPINION and ORDER

On August 9, 2012, this action was remanded to state court, on plaintiff's motion, because defendant's removal was untimely. Plaintiff thereafter filed a motion pursuant to 28 U.S.C. § 1447(c) seeking costs and attorneys fees totaling $7428.50 (DE # 29), and a motion for sanctions in the amount of $2,500.00, pursuant to RULE 11 of the FEDERAL RULES OF CIVIL PROCEDURE. Plaintiff requested sanctions in order to deter defendant's counsel from pursuing (what plaintiff sees as) a frivolous removal again in the future, and in order to compensate plaintiff's counsel for time she could have spent working on other cases, instead of litigating whether this action was properly removed.[2] Defendant has responded opposing both motions.

As to § 1447(c), the standard for determining whether to award of costs and attorneys fees is to ask whether there was an objectively reasonable basis for

---

[1] This is defendant's correct legal name; it is named in the complaint as "Menards, Inc."

[2] This latter reason is not a good one. If fees are awarded under 1447(c), it would amount to double compensation.

removal; that is, did clearly-established law show that there was no basis for removal? *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). Defendant argues that plaintiff has not shown how this standard was met, and that, in any event, it had an objectively reasonable basis for believing that its removal was timely because it removed the case within thirty days after it had actual receipt/knowledge of the suit. For the reasons explained in the order remanding the case, the court disagrees. Service of the summons and complaint on defendant's registered agent was service on the defendant, as shown by clearly-established law,[3] commencing the thirty-day period for removal. This is why the court concluded its remand order by noting that costs and fees would be allowed upon proper evidence. Defendant has not contested the reasonableness of the amount of costs and fees sought, and they will be allowed and awarded to plaintiff.

As to an award under RULE 11:

> [T]he district court may impose sanctions if a lawsuit is "not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993). The court must "undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Id.* (quoting *CNPA v. Chicago Web Printing Pressmen's Union No. 7*, 821 F.2d 390, 397 (7th Cir.1987) (citations omitted)).

---

[3] *Roe v. O'Donohue*, 38 F.3d 298, 304 (7th Cir. 1994) ("we hold that the 30 days commences when the defendant, *or its authorized agent*, comes into possession of a copy of the complaint" (emphasis added)); *see also Peterson v. Sealed Air Corp.*, 902 F.2d 1232, 1236-37 (7th Cir. 1990) ("We hold that a corporation 'receive[s] . . . notice' within the meaning of Rule 15(c)(1) no later than the date its registered agent for service of process receives the complaint, even though the complaint does not identify that corporation as a party.").

*Cuna Mut. Ins. Soc. v. Office and Professional Employees Intern. Union, Local 39*, 443 F.3d 556, 560-61 (7th Cir. 2006). RULE 11 contains a "safe harbor" provision: before filing a motion for sanctions, the movant must serve the motion, and allow the offending party 21 days to take corrective action. FED. R. CIV. P. 11(c)(2). Defendant argues that plaintiff failed to comply with the safe-harbor provision; and, for the reasons given previously, it also asserts that it had an objectively reasonable basis for removing the case. Plaintiff argues in reply that she substantially complied with the safe-harbor provision by writing defendant a letter stating that she would seek sanctions, which is sufficient, *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003), and that defendant's conduct is sanctionable.

It is hard to see how the standard under § 1447(c), requiring the basis for removal to be objectively reasonable, differs from the RULE 11 standard requiring the position taken to be warranted by existing law or a good-faith argument to change existing law. It has been said that the standard for awarding fees under § 1447)(c) is not as stringent as under RULE 11, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 950 (9th Cir. 2001), but that was before the Supreme Court held that fees can be awarded under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). It simply cannot be, however, that every case in which an award under § 1447(c) is justified also merits the imposition of RULE 11 sanctions. After *Martin*,

3

one court has described the difference as being that while § 1447(c) is a fee-shifting statute designed to deter erroneous removals, RULE 11 is reserved for professional misconduct, allowing the court to impose personal liability on lawyers for conduct which is vexatious or undertaken in bad faith, so only a removal which is "egregiously" erroneous would merit RULE 11 sanctions. *In re Crescent City Estates, LLC*, 588 F.3d 822, 830-31 (4th Cir. 2009).

In her reply, plaintiff argues that defendant's removal was motivated by an improper purpose, because its own insurer valued the present case at only $4000.00, far less than the diversity amount-in-controversy requirement. The court disagrees with this reasoning. Attorneys practicing in this circuit should know, based on precedent that has existed for twenty years, that "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints" specifying that only damages less than the diversity minimum are sought. *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).

It is true that in remanding this case, the court harshly criticized defendant's arguments for removal, and has now made it clear that it does not believe those arguments were objectively reasonable. At the same time, however, one of defendant's arguments was that because its agent was served with process that used a misnomer for defendant, the service did not meet the standard of being "reasonably calculated" to give defendant notice. The standard of something being

4

"reasonably calculated" is one which invites arguments which go so far out on a limb that, after being chopped off, they may look foolish. Although the court thinks that defendant's legal decisions in this case were ill-conceived and may have flirted with RULE 11, it does not believe that a violation occurred. Plaintiff's motion for sanctions will be denied.

For the foregoing reasons, plaintiff's motion for RULE 11 sanctions (DE # 30) is **DENIED**; but plaintiff's motion for costs and attorneys fees pursuant to 28 U.S.C. § 1447(c) (DE # 29) is **GRANTED**. The clerk is directed to enter judgment for plaintiff awarding $7428.50 in costs and attorney's fees.

**SO ORDERED.**

Date: October 9, 2012

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT