UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MAIZE FAUST, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:11 CV 425 JM |
| | ) | |
| MENARD, INC.,[1] | ) | |
| Defendant. | ) | |

## OPINION and ORDER

On October 10, 2012, the court entered judgment in this case for plaintiff in the amount of $7428.50, pursuant to 28 U.S.C. § 1447(c), as an award of costs and attorneys fees incurred as the result of defendant's untimely removal. Defendant then filed a motion to alter or amend that judgment pursuant to FED. R. CIV. P. 59(e). (DE #38.) After the court ordered defendant to file a supplemental brief, plaintiff was given ample time to file a response to the motion, but she has never done so.

Defendant argues that RULE 59(e) allows it "to bring to the district court's attention a manifest error of law or fact," *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000), and that several occurred here. In a nutshell, defendant asserts the fees awarded were manifestly erroneous because: 1) some of the fees were not incurred as a result of the removal; 2) some of the hours charged are excessive in light of the work product resulting from those hours; and 3) plaintiff's attorney's hourly rate "is excessive when considering the geographic location of her practice, experience, practice areas, client base and averages [sic] rates of comparable attorneys and law firms." (DE #40 at 5.)

---

[1] This is defendant's correct legal name; it is named in the complaint as "Menards, Inc."

The problem with defendant's position is that all of these arguments were available when it responded to plaintiff's motion seeking a fee award, and at that time defendant made none of them. A RULE 59(e) motion "certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Thus, the court is not favorably impressed by defendant's motion. At the same time, however, the court has an independent obligation "to review both the entitlement to fees and the particulars of fee requests carefully" in order to arrive at the right conclusion. *Lock Realty Corp. IX v. U.S. Health, LP*, 707 F.3d 764, 773 (7th Cir. 2013). Defendant has persuaded the court that mistakes were made which would have been avoided had the fee request been reviewed more thoroughly, as it no doubt would have been had defendant objected to the fees' reasonableness and manner of calculation. Nevertheless, the court will exercise its discretion to correct the most obvious problems.

First, defendant argues that the fee award included a total of 10 hours of work performed by plaintiff's counsel for unrelated work, so those fees were not "incurred as a result of the removal" as required by 28 U.S.C. § 1447(c). Specifically, defendant points to time spent preparing a response to defendant's motion to dismiss (the same motion would have been filed if the case had been in state court); time spent researching a request for RULE 11 sanctions (the court found the request unwarranted and denied it); and time spent preparing the request for a fee award pursuant to 28 U.S.C. § 1447(c).[2]

---

[2] Defendant hasn't identified which entries comprise the 10 hours, and the court sees only 9.5 hours: 6 hours spent preparing the motion to dismiss, 1 hour researching the Rule 11 motion and request for attorneys fees, 2 hours drafting the motion and memorandum seeking attorneys fees, and ½ hour drafting the affidavit supporting that request.

As the court sees it, the time spent preparing the request for attorneys fees pursuant to 1447(c) is time spent on a matter made necessary by the improper removal and will be allowed; the court is aware of no authority to the contrary. *See Stalvey v. Wal-Mart Stores East, LP*, 2011 WL 611835 * 3 n.2 (M.D. 2011) (court has discretion to award fee for time spent litigating fee request pursuant to 28 U.S.C. § 1447(c)). The 7 hours spent preparing a response to defendant's motion to dismiss and researching RULE 11 sanctions[3] will be disallowed as not incurred in relation to the removal.

Second, defendant argues that the time plaintiff's counsel expended on certain task was excessive. For example, counsel spent three hours preparing her response to defendant's motion for enlargement of time to file notice of removal, but the document that resulted (DE #18) from those three hours barely exceeds one page in length. In addition, plaintiff's counsel spent three hours researching the "issue of service for Motion to Extend Time," (DE # 29-1 at ¶ 3), resulting in the single case cited in the response, for a total of 6 hours on the matter. The court agrees this is excessive. Defendant has not, however, provided evidence of the time its counsel spent on similar matters, and, again, this is an argument that defendant could and should have made in its original response to the motion. Therefore, the court is reluctant to slash hours dramatically, and will reduce them by 25%, that is, by 1.5 hours.[4]

---

[3] This was an hour of time, and included time spent researching the motion for attorneys fees, which would be compensable, but has not been separately identified. Because the court is disallowing the entire hour, it has not reduced the time spent preparing the motion for attorneys fees as much as it would have otherwise, see n.5 below.

[4] Defendant also argues that plaintiff's counsel is relatively inexperienced and that is one reason her hourly billing rate should be reduced. Inexperienced attorneys are

As to the other items defendant claims excessive amounts of time were spent, the court rules as follows:

— 2 hours preparing motion to remand: not excessive
— 1.5 hours preparing reply in support of motion to remand: reduce by 25%
— 2 hours preparing motion for attorneys fees: reduce by 25%[5]
— 3 hours researching issue of service: cut by 25%, see preceding paragraph
— 3 hours researching issue of failure to prosecute in motion to dismiss: time already disallowed as not incurred due to removal
— 1 hour researching standard for Rule 11 motion and attorneys fees: time already disallowed as not incurred due to removal

In sum, these reductions for excessive time amount to 2.375 hours.

Finally, defendant argues that the hourly rate used by plaintiff's counsel, $350, is excessive. In support, plaintiff's counsel by affidavit stated that is the hourly rate she charges for federal litigation. (DE #29-1 at ¶ 2.) Defendant argues that is excessive considering plaintiff's counsel's experience,[6] and prevailing rates in the geographic area. Defendant has submitted affidavits of other area attorneys, including one with 15 years' experience who charges $275/hour, and two less-experienced attorneys who were admitted in 2009 (18 years after plaintiff's counsel) who each charge $175/hour. (DE

---

often less efficient than experienced attorneys, requiring more time to perform tasks, one reason for a lower hourly rate.

[5] The court would reduce this by 50%, except that all time spent on research has already been cut, see n.3 above.

[6] Neither plaintiff nor defendant has explained what plaintiff's counsel's educational background and experience is. The Indiana Supreme Court's roll of attorneys, and this court's, shows she was admitted to practice in 1991, so she is certainly not inexperienced. See https://courtapps.in.gov/rollofattorneys/Search/Detail/cf9a8378-18b7-e011-9d34-02215e942453.

##40-2; 40-3; 40-4.) This court has recently found fee rates ranging from $150 to $250 an hour to be reasonable prevailing rates for northwest Indiana, and a fee of $415 for a partner with a large Indianapolis firm reasonable. *See D.S. v. East Porter County School Corp.*, 2013 WL 5890663 * 5 (N.D. Ind. 2013); *Eagle Services Corp. v. H2O Indus. Services, Inc.*, 2012 WL 3255606 * 3 (N.D. Ind. 2012); *Illiana Surgery and Medical Center LLC v. Hartford Fire Ins. Co.*, 2011 WL 6056603 * 3 (N.D. Ind. 2011). Considering that plaintiff's counsel appears to have more experience than the attorney cited by defendants who charges $275/hour, and given plaintiff's success in this matter, the hourly rate asserted of $350/hour is not extraordinarily excessive. Given the range of prevailing rates this court has previously found reasonable, the court will reduce the hourly fee to $300.

In light of the foregoing, the court is disallowing 9.375 hours from plaintiff's fee petition. That leaves 11.625 compensable hours, at a rate of $300/hour, equaling $3487.50 in attorneys fees, plus $78.50 in costs, for a total of $3566.00. Defendant's motion to amend the judgment (DE #38) is **GRANTED**. The judgment entered October 10, 2012, is amended to be a judgment in favor of plaintiff, and against defendant, in the amount of $3566.00. Post-judgment interest is to be calculated using the original date of entry, October 10, 2012.

**SO ORDERED.**

Date: March 26, 2014

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT